**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RODNEKA PERRY, individually, and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | |
| v. | Honorable _____ |
| AMAZON LOGISTICS, INC., AMAZON.COM, INC., AMAZON.COM SERVICES, LLC f/k/a AMAZON.COM, LLC, and AMAZON WEB SERVICES, INC., | |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Amazon Logistics, Inc., Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Web Services, Inc., (collectively "Defendants") by and through their attorneys, Perkins Coie LLP, hereby give notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

By filing this notice, Defendants do not concede any allegation, assertion, claim, or demand for relief in the Complaint of Rodneka Perry ("Plaintiff"), or that any damages exist. Defendants expressly deny that they have violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"). Defendants intend to defend this matter vigorously, and reserve all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in the Complaint.

## I. THE STATE COURT ACTION

On April 17, 2023, Plaintiff, on behalf of herself and allegedly similarly situated individuals, filed this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under the caption *Rodneka Perry v. Amazon Logistics, Inc., et al*, Case No. 2023CH03680. *See* **Ex. A** (Complaint).

Plaintiff seeks relief for Defendants' alleged violations of BIPA in connection with Amazon Flex. According to Plaintiff, Amazon Flex "is a job service platform with a corresponding application that provides an opportunity for independent contractors to accept assignments and deliver packages on behalf of Amazon Logistics, Inc. or Amazon.com, Inc. using their own vehicles." Ex. A ¶ 2. Plaintiff further alleges that the Amazon Flex application "captures the image data of Plaintiff and other Illinois Amazon Flex users which are then shared with Amazon software programs, including but not limited to Rekognition, to identify and detect and to enhance their own systems and technology, including the Rekognition system itself." *Id*. ¶ 12. Based on those allegations, Plaintiff contends that Defendants have violated Sections 15(a), 15(b), and 15(d) of BIPA by allegedly (1) possessing Plaintiff's biometric data without developing and adhering to a publicly available retention and deletion schedule (*id.* ¶¶ 80-90); (2) collecting Plaintiff's biometric data without first informing Plaintiff of the purpose and length of time for the collection and obtaining a written release from Plaintiff (*id.* ¶¶ 91-102); and (3) disclosing Plaintiff's biometric data without her consent (*id.* ¶¶ 103-113).

Plaintiff brings this action as a putative class action, seeking to represent a proposed class of "[a]ll individuals who used the Amazon Flex application in the State of Illinois and who had their facial geometry scans or any other biometric identifiers and/or biometric information, collected, captured, received, or otherwise obtained, maintained, stored, used, disclosed, disseminated by any Defendant during the applicable statutory period." *Id*. ¶ 69. According to Plaintiff, "[t]here are at least tens of thousands of putative Class members." *Id.* ¶ 72. Among other relief, Plaintiff seeks on behalf of herself and every class member: (1) declaratory relief, (2) statutory damages, (3) injunctive and equitable relief, (4) attorneys' fees and costs, and (5) pre- and post-judgment interest. *Id.* at 28-29 ("Prayer for Relief").

Plaintiff served the Complaint on the Defendants' registered agent on May 1, 2023. *See* **Ex. B** (Notices of Service to Defendants).

## II.  GROUNDS FOR REMOVAL

**A.  This action is removable under 28 U.S.C. § 1332(a)(1) and 1441(b).**

This case is properly removed under 28 U.S.C. §§ 1332(a)(1) and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of costs and interest. *See Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at \*3-4 (N.D. Ill. Apr. 10, 2020).

**1.  There is complete diversity of citizenship.**

Plaintiff is a citizen of Illinois, *see* Ex. A ¶ 20, but Defendants are not. Amazon Logistics, Inc., Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Web Services, Inc., are all incorporated in Delaware and have their principal places of business in Seattle, Washington. Each of the Defendants are therefore citizens of Delaware and Washington. *See id.* ¶ 21-24; 28 U.S.C. § 1332(c)(1). Because each Defendant is a citizen of Delaware and Washington, and because Plaintiff is a citizen of Illinois, the parties are completely diverse. *See Fernandez*, 2020 WL 1820521, at \*3.

**2.  The amount in controversy exceeds $75,000.**

The Complaint makes apparent that the amount in controversy for Plaintiff's individual claims exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**First**, Plaintiff seeks statutory damages. BIPA provides for "liquidated damages of $5,000" "for each violation" that is committed "intentionally or recklessly." 740 ILCS 14/20, 14/20(2). The Complaint alleges the following with respect to Plaintiff:

- Defendants allegedly violated Section 14/15(a) of BIPA, *see* Ex. A ¶¶ 80-90;
- Defendants allegedly violated Section 14/15(b) of BIPA, *see id.* ¶¶ 91-102;
- Defendants allegedly violated Section 14/15(d) of BIPA, *see id.* ¶¶ 103-113; and
- Defendants allegedly committed the above violations intentionally or recklessly, *see id.* at 28 (seeking declaration that "Defendant's actions, as set forth above, were intentional and/or reckless").

Accordingly, Plaintiff alleges that at least $15,000 in statutory damages are in controversy based on her individual claims against Defendants (three purported BIPA violations multiplied by $5,000 in statutory damages). Indeed, to the extent Plaintiff contends that she is entitled to an award of statutory damages against each of the named Defendants individually, then Plaintiff alleges that at least $60,000 in statutory damages are in controversy based on her individual claims against Defendants (three purported BIPA violations multiplied by $5,000 in statutory damages for each violation multiplied by four Defendants).

Further, because Plaintiff likely intends to seek statutory damages for each discrete violation she allegedly suffered during the time period in which she allegedly interacted with the Amazon Flex program (beginning in mid-2019), *see id.* ¶¶ 6, 53, the potential statutory damages sought by Plaintiff could be far greater than $15,000 or $60,000. *See Cothron v. White Castle Sys., Inc.*, No. 128004, 2023 IL 128004, ¶ 24 (Ill. 2023) ("A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection.") (internal quotation marks and citation omitted).

**Second**, Plaintiff seeks attorneys' fees and costs. *See id.* at 28; *see also* 740 ILCS 14/20(3) (prevailing parties may recover "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses" under BIPA). "Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages." *Gardynski-Leschuck v. Ford Motor Co*., 142 F.3d 955, 958 (7th Cir. 1998). Thus, in calculating the amount in controversy, this Court may consider the attorneys' fees that Plaintiff's four-attorney legal team has incurred for investigating her claims, preparing and filing the Complaint, and other pre-removal tasks. While Defendants cannot know precisely the fees incurred, this Court should assume that those fees are substantial and potentially in excess of the jurisdictional amount, particularly given the size of the legal team.

**Finally,** Plaintiff seeks injunctive relief. *See* Ex. A at 28 (seeking "injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class"). This Court may consider the costs of that relief when calculating the amount in controversy. *See Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (explaining that "the cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry"). And those costs substantially increase the amount in controversy. For example, the class is defined as applying to "all individuals" in Illinois who used the Amazon Flex application and who allegedly had their facial geometry data collected, captured, received, otherwise obtained, maintained, stored, used, and or/disclosed by Defendants. *See* Ex. A ¶ 69. The broad sweep of these allegations means that compliance with any injunctive relief that might hypothetically be ordered (though Defendants vigorously deny that Plaintiff is entitled to any such relief) could easily overtake the jurisdictional amount.

In short, it is apparent from the Complaint that the amount in controversy for Plaintiff's individual claim against Defendants exceeds $75,000. *See, e.g.*, *Fernandez*, 2020 WL 1820521, at *3; *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 770 (N.D. Ill. 2019) (removal was proper where "recovery, although uncertain, remains plausible based on [plaintiff's] allegations and an expansive reading of BIPA's damages provision").

**B.      This action is also removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" by a defendant. 28 U.S.C. § 1441(a). This action is removable under Section 1441 because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA grants federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and

(3) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). Because all these requirements are met, and because Defendants have met all other requirements, CAFA authorizes the removal of this action.

1.    **This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action under 735 ILCS 5/2-801, *see* Ex. A ¶ 68, which allows "for the maintenance of a class action" when the alleged "class is so numerous that joinder of all members is impracticable"; "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; "[t]he representative parties will fairly and adequately protect the interest of the class"; and "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(1)-(4). Because these requirements are "patterned" after those of Federal Rule of Civil Procedure 23, *Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006), it is a "similar State statute" under CAFA.

Plaintiff purports to represent "[a]ll individuals who used the Amazon Flex application in the State of Illinois and who had their facial geometry scans or any other biometric identifiers and/or biometric information, collected, captured, received, or otherwise obtained, maintained, stored, used, disclosed, disseminated by any Defendant during the applicable statutory period." Ex. A ¶ 69. According to Plaintiff, "[t]here are at least tens of thousands of putative Class members." Ex. A ¶ 72. Thus, while Defendants do not concede that the proposed class is certifiable, lawful, or otherwise proper, and while Defendants do not concede that they "collected, captured, received or otherwise obtained, maintained stored, used or disclosed" those individuals' facial geometry, it is clear that Plaintiff's proposed class contains at least

20,000 individuals, which far exceeds CAFA's requirement. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) (The Court and defendants may rely on plaintiff's allegations).

    **2.    The amount in controversy exceeds $5,000,000.**

    CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Removing defendants' burden to demonstrate the amount in controversy is low and need show only that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Cop. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted).

    Here, the amount in controversy easily "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff claims that "[t]here are at least tens of thousands of putative Class members," i.e., at least 20,000 putative class members. Ex. A ¶ 72. As relief, Plaintiff seeks, among other things, "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1)." *Id*. at 28, ¶ C.

    Assuming without conceding that there are at least 20,000 putative class members, and assuming further that each of those putative class members may obtain at least $3,000 in statutory damages (three alleged BIPA violations per putative class member, multiplied by $1,000 in statutory damages), then the amount of statutory damages in controversy is $60 million. Thus, while Defendants do not concede that there is even a single Illinois resident whose "facial geometry" was collected or otherwise used as alleged in the Complaint, *see* Ex. A ¶ 69, and while Defendants do not concede there is even a single member of the putative class as defined in the Complaint, for removal purposes, the aggregated claims of the putative class easily

exceed CAFA's requirement based on statutory damages sought, alone. *See, e.g.*, *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible"); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

> **3.** **The parties are minimally diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As established above in section II.A.1, Plaintiff is a citizen of Illinois and Amazon Logistics, Inc., Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Web Services, Inc., are each incorporated in Delaware and have their principal place of business in Seattle, Washington. The parties thus are minimally diverse under CAFA.

> **4.** **None of CAFA's exceptions bar removal of this action.**

This action does not fall within any exclusion to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) precludes a district court from exercising CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary

defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because no Defendant is a citizen of Illinois, where this action was filed—rather, Amazon Logistics, Inc., Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Web Services, Inc., are each citizens of Delaware and Washington. *See, e.g.*, *Sabrina Roppo*, 869 F.3d at 585 ("local controversy" exception did not apply where the primary defendant was not a citizen of Illinois).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id*. § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. A ¶¶ 80-113 (asserting claims for BIPA violations).

Accordingly, removal is proper because none of CAFA's exceptions apply.

**C.    Defendants have satisfied all other requirements of the removal procedure.**

Finally, removal is procedurally proper because Defendants have satisfied all requirements. First, this Notice of Removal is timely filed. Defendants were served with copies of the Complaint and Summons on May 1, 2023. *See* Ex. B. Defendants subsequently filed and served this Notice of Removal within 30 days of service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

Second, Defendants have filed with this Notice of Removal true and correct copies of all process, pleadings, and orders served upon them in the state-court action. In the state-court action, Plaintiff has filed the Complaint, a Notice of Motion, and Motion for Class Certification; and the Circuit Court has issued the Summonses. These materials are attached as **Exhibit C**. A true and correct copy of the state court docket is attached as **Exhibit D**.

Finally, as required by 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiff and file with the Cook County Circuit Court a "Notice of Removal to Federal Court," and will file with this Court a Certificate of Service of Notice of Removal to Federal Court pursuant to Federal Rule of Civil Procedure 5(d).

### III.     RESERVATION OF RIGHTS AND DEFENSES

Defendants expressly reserve all of their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendants' defenses. *See Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005). Defendants also reserve their rights to amend or supplement this Notice of Removal.

### IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. Defendants further request whatever other relief the Court deems appropriate.

Dated: May 30, 2023

By: */s/ Kathleen A. Stetsko*
     Kathleen A. Stetsko

**PERKINS COIE LLP**
Nicola Menaldo
NMenaldo@perkinscoie.com
Ryan Spear
RSpear@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Kathleen A. Stetsko
KStetsko@perkinscoie.com
J. Mylan Traylor
mtraylor@perkinscoie.com
110 N Upper Wacker Dr Suite 3400,
Chicago, IL 60606
Telephone: 312.324.8400
Facsimile: 312.324.9400

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

       I hereby certify that, on May 30, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF. I also certify that I caused the foregoing to be served by email to the following attorneys:

      Ryan F. Stephan
      Catherine Mitchell
      Mohammed A. Rathur
      STEPHAN ZOURAS, LLP
      100 N. Riverside Plaza
      Suite 2150
      Chicago, IL 60606
      T: (312) 233-1550
      rstephan@stephanzouras.com
      cmitchell@stephanzouras.com
      mrathur@stephanzouras.com
      Firm ID No. 43734

                                          */s/ Kathleen A. Stetsko*
                                          Kathleen A. Stetsko